UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-------------------------------------

Medicap Pharmacies, Inc.,

Plaintiff,

v.

Apothecary Products, Inc.,

Defendant.

Civil No. 01-1011 (RHK/SRN)

**ORDER**

-------------------------------------

The above-captioned matter came on for hearing before the Court on Plaintiff's Motion for Temporary Restraining Order. Appearing in person for Plaintiff was Sharna A. Wahlgren, Esq., Larkin, Hoffman, Daly & Lindgren, Ltd., 1500 Wells Fargo Plaza, 7900 Xerxes Avenue South, Bloomington, Minnesota 55431. Appearing via telephone for Defendant was Daniel W. McDonald, Esq., Merchant & Gould, 3200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402-2215.

The court, having heard the arguments of the parties and having considered the submitted memorandum of law, and based on all files and records herein, makes the following Order:

Plaintiffs' Motion for a Temporary Restraining Order is hereby GRANTED pending a final order or further determination of the Court:

1. Defendant is prohibited from selling or distributing any products labeled with any Medicap trademark, including but not limited to Medicap Pharmacy®.

2. Defendant is required to disclose to the Plaintiff, as soon as possible but no later than the close of business on June 12, 2001, the name, address, and telephone number of all persons or entities, other than Medicap franchisees, to whom it has ever sold any products labeled with any Medicap trademark. In addition, the Defendant must disclose the date of each such sale, the identity of the products sold and the quantity of the products sold.

FILED JUN 08 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

3. Defendant is required to disclose to the Plaintiff, as soon as possible but no later than the close of business on June 12, 2001, the name, address, and telephone number of all Medicap franchisees to whom it sold any products labeled with any Medicap trademark after March 31, 2000. In addition, the Defendant must disclose the date of each such sale, the identity of the products sold and the quantity of the products sold.

4. Defendant is required, no later than the close of business on Friday, June 8, 2001, to take the following steps to effectuate the return of all products labeled with any Medicap trademark that it sold or distributed to any person or entity, other than a Medicap franchisee, which has not yet reached an individual end-consumer. This effort shall include:

(i) Written correspondence to all persons or entities, other than individual end-consumers or Medicap franchisees, to whom Defendant has ever sold or distributed any products labeled with any Medicap trademark ("Purchasers"). The correspondence shall request (1) the immediate return of all products labeled with any Medicap trademark and (2) identification of persons or entities, other than individual end-consumers, to whom those Purchasers ever resold or redistributed such product. The correspondence will be sent via facsimile and by express messenger.

(ii) Written correspondence to all persons or entities of which Defendant is aware to whom its Purchasers ever resold or redistributed products labeled with any Medicap trademark. The correspondence shall request (1) the immediate return of all products labeled with any Medicap trademark and (2) identification of persons or entities, other than individual end-consumers to whom those Purchasers ever resold or redistributed such product. The correspondence will be sent via facsimile and by express messenger.

(iii) Submission of the proposed correspondence to Plaintiff for approval before it is sent to Purchasers.

(iv) Defendant shall retain copies of all correspondence sent by Defendant under this order, and shall also retain copies of all correspondence received by Defendant in response to its correspondence. Defendant shall keep Plaintiff apprised of all action taken and responses received pursuant to this order.

5. Defendant is required to file with the court and serve on the Plaintiff within 10 days after service on the Defendant of this order, a report in writing and under oath setting forth in detail the manner in which the Defendant has complied with this order.

6. This order is binding upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

IT IS HEREBY ORDERED:

Dated: 6/8/01.

Richard H. Kyle
United States District Court Judge

::ODMA\PCDOCS\LIB1\681561\1